## SUCCESSION OF FELIX CONNOLLY.

Property of an insolvent succession administered by syndics, is not considered as property
voluntarily surrendered to his creditors by an insolvent debtor.

APPEAL from the Second District Court, *Lea*, J.  *Hoffman* and *Halsey*, for
appellee.  *Stockton* and *Steele*, for appellant.  The judgment of the court
(*Eustis* , C. J., absent,) was pronounced by

ROST, J: The appellants, who were not parties in the court below, set up
in this court a new cause of action, and it may well be doubted whether such a
proceeding is authorized by article 571, C. P. It is unnecessary, however, to
determine this question as supposing the right to exist; the pretensions of the
appellants are preposterous as to some of them, and without any foundation as to
the others.

*Bridget Connolly* was confirmed as tutrix, by nature, of her minor children,
and caused an inventory of the property of *Patrick Connolly*, and of the firm of
*Patrick Connolly* and *Son* to be made, and the promissory notes, bills receivable,
slaves and book accounts inventoried, were left by the notary, in the possession
of the tutrix.  She was subsequently appointed administratrix, but she was una-
ble to give security, and syndics were appointed by the creditors.  The syndics
took upon the tutrix a rule, to show cause why she should not deliver to them
the evidences of debt and slaves above mentioned.  This rule was made absolute,
and execution having issued thereon, the return of the sheriff was, that he had
not found them, and that the defendant denied having them in her possession.
No farther steps were taken to compel *Bridget Connolly* to obey the order of
court, and the object of the appeal now taken by her and her minor children, who
have since become of age, is to charge the creditors of *Patrick Connolly* and *Son*,
and of *Felix Connolly*, the other partner who has since died, with the amount
of the credits and the value of the slaves inventoried, on the ground that the
slaves are not to be found, and that the credits have been either collected by the
syndics or lost through their negligence.  In support of this ground of action,
their counsel relies on the cases of *Fitzgerald* v. *Phillips*, 4 M. R. 559.
*Meilleas* v. *His Creditors*, 3 L. R. 532.  Succession of *Desormes*, 10 R.
R. 474.

We must infer, from the return of the sheriff, upon which the appellants
mainly rely, that the slaves, notes, bills and commercial books, remained in the
possession of *Bridget Connolly*, and there is nothing in the record to show that
the syndics ever administered upon any portion of those assets, beyond that for
which they have accounted.  It is clear that they could not have collected the
sums due the succession without the evidences of debt.  It is said, that it was
their duty to have resorted to compulsory measures against *Bridget Connolly* ;
such may have been their duty towards the creditors whom they represented,
but what injury have the appellants sustained in consequence of their indulgence
to their mother ?

The appointment of syndic under the special provisions of the act of 1826, did
not vest the property of the succession in the creditors, as is the case in volun-
tary surrenders. B. and C. 497, sec. 7.  The succession having been accepted

SUCCESSION OF
CONNOLLY.

under benefit of inventory in behalf of the minors, the title was in them, and so far as they were concerned, their tutrix had authority to administer such portions of it as the syndics left in her hands.    The assets, for which the appellants now claim indemnity, remained under her administration for their benefit, instead of being applied by the syndics to the payment of the debts.    She may have collected the credits, and her answer to the sheriff may have been true, in part, at least; whether it was or not, she was accountable to her children for their share of those assets, and they had a legal mortgage upon all her property, to secure their claims.    The possession of their tutrix was, constructively, their possession, and it is no just ground of complaint, on their part, that instead of being divested of that possession, other property of the succession has been taken for the payment of its debts.    It would be unfair to charge the creditors with this portion of the assets, while the right of the heirs, to compel their mother to account for it, stands unimpaired, unless it should, through their neglect, have been lost by lapse of time.    The claim of *Bridget Connolly* herself, requires, of course, no notice, and under the facts of the case, *Felix Connolly* must be presumed to have assented to all that was done.

It has further been argued, that the goods inventoried had not been accounted for by the syndics.    But if this was true, the balance due the creditors, after deducting the appraised value of the goods, would far exceed the fund to be distributed.    We are of opinion that the appellants have not made good their claim to that fund.

The judgment is affirmed, with costs.